IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

Plaintiff,

Vs.                                                    No. 07-40125-01-SAC

RONALD EDWARD DAY,

Defendant.

MEMORANDUM AND ORDER

The case comes before the court on the defendant's
unresolved objection to the presentence report ("PSR") as appearing in the
PSR addendum.  The sole defendant named in a four-count indictment, the
defendant pleaded guilty to count one--possession with intent to distribute
methamphetamine, count two--unlawful possession of explosive materials,
and count four--possession of an unregistered firearm, *i.e.,* a pipe bomb.
The PSR recommends a base offense level of 26 (for 6.7 grams of
methamphetamine pursuant  U.S.S.G. § 2D1.1(c)(7)), a two-level increase
for a multiple count adjustment (U.S.S.G. § 3D1.4), and a three-level
reduction for acceptance of responsibility (U.S.S.G. § 3E1.1(a)).  With a

total offense level of 25 and a criminal history category of four, the guideline range is 84 to 105 months.  The defendant's unresolved objection is with the multiple count adjustment.

The defendant argues that instead of a multiple count adjustment the PSR should have grouped all three counts as the applicable guideline for count one (U.S.S.G. § 2D1.1) and the applicable guideline for counts two and four (U.S.S.G. § 2K2.1) are both listed as offenses and guidelines to be grouped under U.S.S.G. § 3D1.2(d).  The government opposes grouping noting that the offenses do not involve the same victim and same acts or transaction and are not connected by a common criminal objective or constitute part of a common scheme or plan.  The probation officer notes that the defendant misreads the listing of offenses to be grouped in U.S.S.G. § 3D1.2(d) and fails to recognize that only offenses of a similar nature that fall within a listing of guidelines bracketed by semicolons are to be grouped with each other.  The officer notes that U.S.S.G. § 2D1.1 and U.S.S.G. § 2K2.1 are not listed together within a common row of similar offenses.  Finally, the officer notes that the offenses do not meet the other commonality requirements in U.S.S.G. § 3D1.2(d).

The defendant has not filed a sentencing memorandum that

2

addresses the cogent arguments advanced by the government and PSR

writer in response to his objection.   As presented, the defendant's

objection asks the court to group the firearm and explosive offenses with

the drug offense for no other reason than that the applicable guidelines

happen to be listed as offenses to be grouped.  The defendant's position of

automatic grouping for all listed offenses is not supported by the critical

commentary to U.S.S.G. § 3D1.2(d) and the relevant case law applying it.

Application note six to U.S.S.G. § 3D1.2(d) provides:

> Counts involving offenses to which different offense guidelines apply
> are grouped together under subsection (d) if the offenses are of the
> same general type and otherwise meet the criteria for grouping under
> this subsection.  In such cases, the offense guideline that results in
> the highest level is used; see § 3D1.3(b).  The "same general type" of
> offense is to be construed broadly.

U.S.S.G. § 3D1.2, comment. (n.6).  Thus, the mere listing of both

applicable guidelines "does not automatically necessitate grouping."

*United States v. McClendon*, 195 F.3d 598, 601 (11th Cir. 1999); *see*

*United States v. Lenoci*, 377 F.3d 246, 253 (2nd Cir.), *cert. denied*, 543

U.S. 1004 (2004).  When the different counts of conviction involve different

listed guidelines, a court must determine first whether the offenses are of

the "same general type" and are "otherwise suitable for grouping."  *Lenoci*,

377 F.3d at 253; *see United States v. Taylor*, 97 F.3d 1360, 1364 (10th Cir.

3

1996) (offenses are grouped under U.S.S.G. § 3D1.2(d) if they are of the "same general type" of offense and the base offense level for each is largely determined on a common basis (*e.g.* quantity of controlled substance))*; see, e.g., United States v. Glass*, 189 Fed. Appx. 788, 795, 2006 WL 2065072 at *5 (10th Cir.  2006) (following *Taylor* the court grouped drug trafficking conspiracy with other drug convictions since all the offenses were of the "same general type," and the offense levels for each count were similarly calculated by the type and quantity of drugs); *United States v. Johnson*, 971 F.2d 562, 576 (10th Cir. 1992) (guideline for wire fraud and guideline for money laundering would not be grouped under U.S.S.G. § 3D1.2(d), because "the harm being measured by each is significantly different in character").

The defendant offers no arguments toward satisfying these requirements, and the court knows of no facts in this case that would support them.  A drug trafficking offense and the unlawful possession of a firearm offense "are not of the 'same general type.'"  *United States v. Taylor*, 1997 WL 689512 at *2 (10th Cir. 1997).  "Drug manufacturing and weapons possession represent different 'societal harms.'"  *United States v. Brown,* 212 Fed. Appx. 747, 755, 2007 WL 64852 at *6 (10th Cir. 2007)

(citation omitted).  "Offenses involving such different societal interests are by definition not "groupable" under Sentencing Guidelines § 3D1.2(d), *see* § 3D1.2 at cmt. n.2 . . . ."  *Id.*  Finally, there is no basis for grouping on the facts of this case.  The offenses do not have a common victim, are not part of the same act or transaction, and do not involve similar conduct.  *See United States v. Winters*, 411 F.3d 967, 975 (8th Cir. 2005), *cert. denied*, 546 U.S. 1194 (2006).  The PSR is not in error for failing to group the offenses as argued by the defendant.

IT IS THEREFORE ORDERED that the defendant's objection to the PSR is overruled.

Dated this 7th day of October, 2008, Topeka, Kansas.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge